IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIFE UNIVERSITY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 13 CV 01741-SCJ |
| BRAIN SYNERGY INSTITUTE, LLC, | ) |
| KBCR, LLC and CARRICK BRAIN | ) |
| CENTERS, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants recently filed a Notice of Supplemental Authority providing the Court with a decision from the United States District Court for the District of Colorado, *Gordon Howard Associates, Inc. v. Lunareye, Inc.*, No. 1:13-cv-01829-CMA-MJW (October 15, 2013). Dkt. No. 25. While *Gordon Howard* involves a decision addressing jurisdiction in the context of a declaratory judgment action, several aspects of the case distinguish it from the present action. As will be outlined in further detail below, *Gordon Howard* has a distinct procedural posture as the second-filed action between parties and involves allegations of infringement

based on the plaintiff's manufacture and sale of products within Colorado. Further, in *Gordon Howard* the only acts relevant to the specific jurisdiction analysis involve alleged threats of legal action and correspondence notifying the plaintiff that it had been sued in the Eastern District of Texas and the general jurisdiction analysis considered product sales within the forum and operating "GPS, cellular, satellite, and radio frequency signals" throughout Colorado. Because these issues are vastly different than here – where BSI has voluntarily and overtly made itself at "home" in the State of Georgia through its plentiful contacts relevant to both specific and general jurisdiction – the non-precedential and non-binding decision cited as "supplemental authority" should be given little, if any, weight.

     First, *Gordon Howard* has wholly different procedural posture that the present action. In particular, the action in *Gordon Howard* is the second-filed action between the parties. *See* Dkt No. 25-1, at 2. The defendant first sued the plaintiff in the United States District Court for the Eastern District of Texas. *Id*. In response, approximately one month later, the plaintiff filed a declaratory judgment action in the United States District Court for the District of Colorado. *Id*. It is a decision in this second action that BSI cites as persuasive authority. In opposite to *Gordon Howard*, the present action is the first-filed action between BSI and Life University. Moreover, *Gordon Howard* involves a plaintiff whose manufacture and

sale of electronic devices within the forum constitute the alleged infringement. *See* Dtk. No. 25-1, at 1. In contrast, infringement in the present action is alleged based on Life University's *use* of the GyroStim chair, not Life's sale and manufacture of the device.

Second, BSI's characterization of the specific jurisdiction analysis of *Gordon Howard* is a vast oversimplification of the court's holding. BSI highlights controlling Federal Circuit case law cited in *Gordon Howard* supporting the proposition that sending a cease and desist letter coupled with an in-person meeting to negotiate a patent license agreement is insufficient to confer specific jurisdiction. Dkt. No. 25, at 1-2. However, the plaintiff in *Gordon Howard* did not send a cease and desist letter but rather "correspondence notifying Plaintiff that Defendant had sued Plaintiff for infringing the '035 patent" in the United States District Court for the Eastern District Texas. Dkt. No. 25-1, at 2. In addition, the plaintiff in *Gordon Howard* alleged that defendant contacted them "ostensibly for the purposes of licensing or enforcing [defendant's] '035 patent" and threatened suit when those efforts failed. Dkt. No. 25-1, at 6. With no further description or facts relevant to the alleged licensing efforts asserted, the court found the plaintiff's statement alone insufficient to establish that the true nature of the defendant's efforts was enforcement. *Id*.

The plaintiff in *Gordon Howard* also argued that the defendant's contacts with the plaintiff and numerous visits "to Colorado to assert its patent" were sufficient to support specific jurisdiction in Colorado. Dkt. No. 25-1, at 5. However, the court found that the plaintiff did "not connect any specific facts to these allegations to indicate the purpose of these contacts." *Id*. at 6. That is, the plaintiff did not connect any specific enforcement or defensive efforts to the defendant's visits to Colorado. As a result, the court in *Gordon Howard* reasoned that the sending of notifying correspondence viewed in combination with the plaintiff's ambiguous and insufficient evidence of attempted licensing efforts and enforcement action was insufficient to establish specific jurisdiction.

In contrast, Life University has established that BSI is subject to specific jurisdiction in this forum because the cause of action arises out BSI's specific contacts with Georgia in addition to the delivery of BSI's demand letter. As previously presented to the Court, facts related to the BSI's contacts with the state (sufficient to confer specific jurisdiction) include, for example, the meeting in Georgia concerning BSI's claims including specific license terms as well as overt threats to sue Life if the University did not capitulate to BSI's demands; the solicitation of Dr. Carrick; and Dr. Carrick's allegations of patent infringement in separate conversations with both Life University and Dr. Epley (inventor of U.S.

Patent No. 6,800,062). Accordingly, in addition to the delivery of the demand letter, BSI's "extra-judicial patent enforcement" actions in this forum distinguish this case from *Gordon Howard*, where the only relevant action included the delivery of a notification of suit letter and alleged licensing efforts.

Finally, with respect to general jurisdiction, *Gordon Howard* offers little guidance. The court in *Gordon Howard*, finding that the defendant's actions did not approximate a "physical presence in Colorado", was not persuaded by either the defendant's sale of products to the U.S. Army and Coast Guard (both of which have a presence in Colorado) or the reach of defendant's asset-tracking system (Providing GPS/cellular/radio "signal access" throughout the United States). In the present action, Life University has established that BSI's contacts within this forum are so "continuous and systematic" to render it essentially at home in Georgia. In particular, Life has shown that from March 11, 2013 until the filing of Life's Complaint, BSI had at least 123 separate and substantive contacts with this forum including numerous visits to Georgia; maintaining almost daily contact with individuals and organizations located in Georgia (through which such organizations and individuals performed additional actions on behalf of BSI, creating a cascading list of additional contacts); and negotiating numerous contracts, including but not limited to, contracts relating to the lease of office

space, contracts for services and goods to be provided in Georgia, and employment contracts with individuals in Georgia pertaining to the opening of BSI's Atlanta clinic.

Accordingly, while *Gordon Howard* is informative as to how a court in a different jurisdiction addresses questions of jurisdiction in a declaratory judgment action, the finding in *Gordon Howard* is non-precedential and based on facts that are easily distinguished from the present cause of action. Moreover, in contrast to *Gordon Howard*, evidence submitted in this action clearly shows that BSI has had substantial and continuous contact through numerous activities in this forum both related and unrelated to the causes of action at issue here.

Respectfully submitted, this 25th day of October, 2013.

          /s/ Jessica A. Keesee
          Anthony B. Askew
          Georgia State Bar No. 025300
          David S. Moreland
          Georgia State Bar No. 521998
          Jessica A. Keesee
          Georgia State Bar No. 940481
          MEUNIER CARLIN & CURFMAN, LLC
          817 W. Peachtree Street NW, Suite 500
          Atlanta, GA 30308
          Telephone: (404) 645-7700
          Facsimile:  (404) 645-7707

          Frank B. Strickland
          Georgia State Bar No. 687600
          Bryan P. Tyson

Georgia State Bar No. 515411
STRICKLAND BROCKINGTON LEWIS LLP
Midtown Proscenium Suite 2200
1170 Peachtree Street NE
Atlanta, GA 30309
Telephone: (678) 347-2200
Facsimile:  (678) 347-2210

**Co-Counsel for Life University**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LIFE UNIVERSITY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 13 CV 01741-SCJ |
| BRAIN SYNERGY INSTITUTE, LLC; | ) |
| KBCR, LLC; and CARRICK BRAIN CENTERS, | ) |
| | ) |
| Defendants. | ) |

## LOCAL RULE 7.1D CERTIFICATION

The undersigned hereby certifies that the foregoing Plaintiff's Response to Defendants' Notice of Supplemental Authority was prepared in Times New Roman 14 point, which is one of the font and point selections approved by the Court under Local Rule 5.1B.

Dated this 25th day of October, 2013.

/s/ Jessica A. Keesee
Jessica A. Keesee
Georgia State Bar No. 940481

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LIFE UNIVERSITY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 13 CV 01741-SCJ |
| BRAIN SYNERGY INSTITUTE, LLC, | ) |
| KBCR, LLC and CARRICK BRAIN | ) |
| CENTERS, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2013, I electronically filed the foregoing Plaintiff's Response to Defendants' Notice of Supplemental Authority with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notifications of such filing to all attorneys of record.

Dated: October 25, 2013        /s/ Jessica A. Keesee
                               Georgia State Bar No. 521998
                               MEUNIER CARLIN & CURFMAN, LLC
                               817 W. Peachtree Street, N.W., Suite 500
                               Atlanta, Georgia 30308
                               Phone: (404) 645-7700
                               Fax: (404) 645-7707
                               E-mail: jkeesee@mcciplaw.com