IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LIFE UNIVERSITY, INC.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO.** |
| v. : | **1:13-cv-1741-SCJ** |
| : | |
| **BRAIN SYNERGY INSTITUTE,** : | |
| **LLC, KBCR, LLC, and CARRICK** : | |
| **BRAIN CENTERS,** : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter appears before the Court on the Defendants' Motion for Attorney's Fees Incurred in Connection with Plaintiff's Jurisdictional Discovery [Doc. No. 29].

In their motion, the Defendants ask the Court to award attorney's fees in connection with jurisdictional discovery pursued by Plaintiff. In support of their motion, Defendants cite statements made by the Court and Plaintiff's counsel during an August 7, 2013 discovery conference.[1] Defendants state that the Court cautioned Plaintiff that it would incur the expense of its requested jurisdictional discovery (in the event that the lawsuit was dismissed for lack of personal jurisdiction) and that Plaintiff made an agreement to reimburse Defendants for the cost of jurisdictional

---

[1] A transcript of the conference call is found in the record at Doc. No. 29-3.

discovery. Doc. No. 39, p. 3. Defendants state that the Court's ultimate ruling (finding a lack of personal jurisdiction) was based upon information previously known to Plaintiff, which confirmed Plaintiff's requested jurisdictional discovery was unfounded. Defendants state that "[t]hrough Plaintiff's discovery expedition, and refusal to concede the clear lack of personal jurisdiction, Plaintiff forced BSI to incur considerable, unwarranted expense." Doc. No. 29-1, p. 9.

Plaintiff filed a response in opposition to Defendants' motion. Doc. No. 35. Plaintiff denies agreeing to reimburse Defendants for their attorneys' fees and further assert that the Court's statement did not alter the "American Rule" that absent extenuating circumstances or Congressional approval, a prevailing party is responsible for his own attorney's fees. Doc. No. 35, p. 2.

Under the "bedrock principle known as the 'American Rule,' each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise. Notwithstanding the American Rule, however, [the United States Supreme Court has] long recognized that federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad

faith." Marx v. General Revenue Corp., --- U.S. ----, 133 S. Ct. 1166, 1175 (2013) (internal citations omitted).[2]

In the case *sub judice*, the Court's statement during the discovery conference call was not intended to be an automatic grant of attorney's fees without consideration of the American Rule, nor was it intended to be an automatic exercise of the Court's inherent authority without consideration of the applicable limited circumstances by which the Supreme Court has held that such inherent authority may be exercised.

The Court also does not deem Plaintiff's response to the Court's conference call statement an agreement to reimburse Defendants for their attorneys' fees in the event that Plaintiff did not prevail on the jurisdiction issue.

After review of the arguments and the record, the Court finds that Defendants have failed to cite any statutory authority or any facts falling within the narrow set of circumstances that would justify the exercise of this Court's inherent authority. In essence, even though Plaintiff did not prevail in establishing personal jurisdiction over the Defendants, the Court is unable to conclude that the facts show that the

---

[2] The Marx opinion also referenced the case of Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (explaining that a court has inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons).

request for jurisdictional discovery was done in bad faith or for some other improper purpose. See In re Piazza, 719 F.3d 1253, 1271 (11th Cir. 2013) (holding that "[b]ad faith does not lend itself to a strict formula," but "is instead a fact-intensive judgment that is 'subject to judicial discretion under the circumstances of each case."); see also United States v. Shaygan, 652 F.3d 1297, 1312 (11th Cir. 2011) (providing dictionary/ordinary meaning definitions of the term "bad faith" to include "the conscious doing of a wrong because of dishonest purpose or moral obliquity"). Accordingly, the Court declines to award attorney's fees to the Defendants.

## Conclusion

Defendants' Motion for Attorney's Fees Incurred in Connection with Plaintiff's Jurisdictional Discovery [Doc. No. 29] is hereby **DENIED**.

**IT IS SO ORDERED,** this 8th day of July, 2014.

>              s/Steve C. Jones
> HONORABLE STEVE C. JONES
> UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)